IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RAYMOND MASON,

                Plaintiff,

     v.                        CASE NO. 06-3333-SAC

L.E. BRUCE, et al.,

                Defendants.

### MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Named as defendants are the Warden at HCF and "Dr. Song/CCS."

As the basis for his complaint, Mr. Mason alleges on August 23, 2006, Dr. Song disclosed his medical records and condition to Master Sgt. Wilson without his consent, knowingly gave him medicine he is allergic to which worsened his condition, and twice gave him shots for something he did not have. He asserts defendants thus violated "patient confidentiality" and committed malpractice. He seeks relief from Warden Bruce for allowing Dr. Song to continue to practice at the facility.

Plaintiff alleges he has suffered visible scars, unnecessary pain, fear, mental anguish and misery. He seeks nominal, compensatory and punitive damages.

### SCREENING

Because Mr. Mason is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any

portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to adequately plead total exhaustion of administrative remedies.

Plaintiff states he has written several grievances to his unit team and appealed to the Warden and to the Secretary of Corrections.  He also states he has written several Form 9's to the Warden and the Health Administrator, but has received no responses.  He exhibits an Inmate Complaint stamped received on September 12, 2006, in which he stated he saw Dr. Song on August 23, 2006, for poison ivy or some similar ailment, and she stated his sores were not from poison ivy but because he was HIV positive in front of Sgt. Wilson without his consent.  The Unit Team sent the grievance to the "CCS" for response.  On September 12, Janet Myers, Health Services Administrator at HCF, responded she had discussed the grievance with Dr. Song, Nurse Warren, and Master Sergeant Wilson; Dr. Song "acknowledged she had inadvertently mentioned your diagnosis while Master Sergeant Wilson was in the room;" Wilson was in the room because Mr. Mason was "not wanting to go to the clinic for isolation due to an infectious process;" and any officer present during a medical encounter is "expected to maintain patient confidentiality."  Plaintiff was not satisfied with this response, and appealed to the Warden.  Defendant Warden Bruce stated he had reviewed the Clinic Administrator's response and was confident the incident would not happen again.  Mr. Mason appealed to the Secretary of Corrections, stating Dr. Song should have been fired.  The Secretary of

Corrections designee incorporated the response provided by staff at HCF, and found no evidence or argument offered that suggested it was wrong. It appears from the exhibits that plaintiff has exhausted on his claim of violation of patient confidentiality.

However, there is no showing that Mr. Mason has exhausted on his claims of malpractice, namely that Dr. Song gave him medicine he was allergic to, and shots which were the wrong treatment. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id. The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id.

The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89

(10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison or detention facility administrative grievance procedures, or the complaint is subject to being dismissed without prejudice.

Plaintiff shall be given time to adequately plead "total" exhaustion by either providing copies of the administrative grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses regarding his claims of malpractice. If plaintiff fails to adequately show exhaustion on all his claims, the complaint is subject to being dismissed, without prejudice, and without further notice.

Plaintiff has also filed a motion to appoint counsel (Doc. 3). Appointment of counsel in a civil action is a matter within the court's discretion. The court finds it is not necessary to appoint counsel in this action at this juncture. Accordingly, the motion is denied.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to show cause why this action should not be dismissed for failure to adequately plead total exhaustion of administrative remedies on all his claims.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
