IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RAYMOND MASON,

                    Plaintiff,

          v.                          CASE NO. 06-3333-SAC

L.E. BRUCE, et al.,

                    Defendants.

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by
an inmate of the Hutchinson Correctional Facility, Hutchinson,
Kansas (HCF).  Mr. Mason alleges that defendant Dr. Song mis-
diagnosed a skin eruption on his arm, as poison oak instead of
shingles and as a result treated him with the wrong medication.  On
this basis, plaintiff claims defendants denied him medical
treatment and committed malpractice, causing his "CD4 count" to
drop to dangerous levels, injuries, pain, and suffering.   He also
alleges that during a follow-up visit, Dr. Song improperly
commented that plaintiff is HIV positive in the presence of an HCF
correctional officer, who then revealed the information to some
other inmates.  On this basis, plaintiff claims defendants violated
the "patient confidentiality rule," causing him stress and to be
ridiculed, harassed, and threatened by other inmates.  Plaintiff
asserts that his Due Process, Equal Protection, and Eighth
Amendment rights have been violated.  He seeks a declaration that
defendants' "medical neglect" violated the Eighth and Fourteenth

Amendments, was medical malpractice, caused him pain and injury, was a breach of KDOC's contract with its medical providers, and constituted mistreatment of a confined person prohibited by K.S.A. § 21-3425. He asks the court to enjoin defendants from subjecting him and other inmates to inadequate medical treatment and emotional abuse and from breaching the confidentiality rule, as well as from retaliation. He also seeks compensatory damages for injuries and deprivations, nominal damages for violation of his constitutional rights, and punitive damages for "undue pain, suffering and injury."

On July 28, 2007, this court entered an Order assessing an initial partial filing fee and giving plaintiff time to submit the fee. The court also screened the complaint as amended, and ordered plaintiff to supplement his complaint with additional facts in support of his claims, as discussed in the court's Order. Mr. Mason was advised that if he failed to allege sufficient additional facts, this action could be dismissed for failure to state facts in support of a federal constitutional claim.

Plaintiff has submitted the initial partial filing fee as ordered, and his motion for leave to proceed in forma pauperis (Doc. 2) shall be granted herein. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff remains obligated to pay the remainder of the district court filing fee through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). In accord with § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined is directed by copy of this Order

to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Plaintiff filed a Response (Doc. 11) to the court's prior Order requiring that he show cause why this action should not be dismissed.  Having considered plaintiff's Response together with all other materials filed by plaintiff, the court finds this action should be dismissed for the reasons stated in the court's Memorandum and Order dated July 18, 2007, and herein.

**MALPRACTICE/DENIAL OF MEDICAL CARE CLAIM**

The court found in its prior Order that plaintiff failed to allege personal participation, in the particular acts upon which his complaint is based, by any defendants other than Dr. Song. Plaintiff was given time to allege facts showing personal participation by the other defendants and advised that should he fail, this action would be dismissed as against them.

Plaintiff's Response to the court's prior Order does not contain additional facts describing personal acts or inactions by any named defendant other than Dr. Song in either the medical treatment provided to Mr. Mason, or the disclosure or dissemination of his HIV status.  Plaintiff instead continues to cite state laws

and regulations and refer to some defendants' supervisory authority and contract obligations thereunder.  The court concludes that plaintiff's allegations in his Amended Complaint and Response are not adequate to show the personal participation of defendants Warden Bruce, Janet Myers, Correct Care Solutions, or any unknown unnamed John or Jane Does, and that this action must be dismissed as against all these defendants on that basis.

In its prior Order, this court set forth the standards for stating a claim of denial of medical care under the Eighth and Fourteenth Amendments, and found Mr. Mason did not allege sufficient facts to elevate his claims of medical malpractice to cruel and unusual punishment.  The court found the facts alleged by plaintiff, that he presented with a "skin eruption" on his arm, did not indicate a "serious medical need."  The court also found plaintiff did not allege facts indicating defendants acted with a sufficiently culpable state of mind, since he did not allege Song was aware of but disregarded a substantial risk to plaintiff from the skin eruption.  Plaintiff was advised that errors in medical judgment are at most the basis for a claim of negligence in state court, not a federal constitutional claim of cruel and unusual punishment; and no facts were alleged indicating Dr. Song's actions were anything more than negligence.  The court further found from plaintiff's own allegations that, rather than having been denied medical treatment, Mr. Mason had received treatment at HCF.

In his Response, plaintiff adds allegations that Dr. Song on two occasions "wrongfully prescribed injections of medicine" for

4

poison oak, and because Song did not treat him with the correct drug, his HIV "weakened immune system could not withstand" the "unnecessarily prolonged attack" of shingles with the consequence that his "CD-4 count was adversely affected for approximately four months." He also claims stress caused by Dr. Song's actions elevated his HIV condition to "full-blown AIDS," and that she "should have known" what her "inept treatment" would subject him to. He alleges the shingles "permanently scarred" his arm.

Mr. Mason's factual allegations, even as expanded, still indicate defendant Song may have been negligent in diagnosing and treating his skin condition. Neither negligence in treating a skin condition (even gross negligence) nor mis-diagnosis amounts to deliberate indifference. See Berry v. City of Muskogee, 900 F.2d 1489, 1495-96 (10th Cir. 1990); Sealock v. Colorado, 218 F.3d 1205, 1212 FN7(10th Cir. 2000). Negligence "does not become a constitutional violation merely because the victim is a prisoner. Fitzgerald v. C.C.A., 403 F.3d 1134, 1143 (10th Cir. 2005). Plaintiff presents no facts or data to substantiate his conclusory statement that the fall in his CD4 cell count was due to stress caused by Dr. Song[1]. The court accepts the allegations of fact in the complaint as true and construes them in the light most favorable to plaintiff. Perkins v. Kan.Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). However, the court is "not bound by

---

[1] Plaintiff mentioned in his Amended Complaint that he was diagnosed as HIV positive in 1996, and that Dr. Song remarked he was not taking medication to control his HIV.

conclusory allegations, unwarranted inferences, or legal conclusions." Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994). Furthermore, even if the court accepts as true plaintiff's statements that Dr. Song's failure to properly treat his shingles and stress from improper treatment contributed to the drop in his CD4 count, injurious results from negligent treatment do not transform a state tort claim for malpractice into a federal constitutional violation.

**BREACH OF CONFIDENTIALITY CLAIM**

Plaintiff's factual allegations underlying this claim, are that during a follow-up visit with Dr. Song, she "blurted out" that plaintiff is HIV positive in the presence of HCF Correctional Officer Wilson. Plaintiff asserts this violated "the patient-doctor confidentiality rule," which he cites from the prison's internal management policy and procedure regulations. However, the fact that a prison official discloses information in violation of internal procedures does not make the disclosure a violation of one's constitutional right to privacy. See Herring v. Keenan, 218 F.3d 1171, 1180 (10th Cir. 2000), cert. denied, 534 U.S. 840 (2001). The court found in its prior Order that these facts, even taken as true, do not evince a federal constitutional violation by defendants under the legal authorities cited therein.

This is not to say that the intentional disclosure of an inmate's private medical information, such as his HIV status, by a government official named as defendant to other inmates for an

illegitimate purpose would not be held to violate a federal constitutional right to privacy.  In this particular case however, plaintiff has not alleged an intentional disclosure by a named defendant for an improper purpose.  Plaintiff still alleges no facts suggesting that information regarding his HIV status was used in any sort of criminal context or that defendant Song had an improper motive in her limited disclosure during a medical consultation with him.  In fact, plaintiff's allegations and exhibits indicate Dr. Song's statement of this information in the presence of Officer Wilson was unintentional and not public. Moreover, plaintiff's own exhibits indicate Officer Wilson accompanied Mr. Mason for a proper administrative purpose, and plaintiff does not allege otherwise.

The remainder of plaintiff's related complaints - that he has been ridiculed, harassed, threatened by and isolated from other inmates, and suffered serious emotional and psychological abuse - resulted from the "unauthorized revelation" or comments to other inmates by Officer Wilson, not defendant Song, and Wilson is not a defendant.  Furthermore, as the court previously stated, these allegations are conclusory statements only, with no facts alleged as to the circumstances, date, place, persons involved, or duration.  The court concludes that plaintiff fails to state facts in support of a claim against the named defendants of a federal constitutional violation[2].

---

[2]
    The court expresses no opinion as to whether or not plaintiff has stated sufficient facts to support a claim of violation of privacy under Kansas law.

**EQUAL PROTECTION AND DUE PROCESS CLAIMS**

The court noted in its prior order that plaintiff did not allege any factual basis for his claims of denial of due process and equal protection.  In his Response, plaintiff cites a case in which an HIV positive inmate was required to wear a face mask, apparently implying he is similarly being mistreated because of his HIV condition.  However, plaintiff still does not allege facts including dates, specific conditions he is enduring and their duration, and name defendants involved in causing or imposing conditions on him that other, similarly situated inmates are not having to endure.  His statement that the named defendants do not disclose the confidential information of other inmates, does not suggest any race-based or other illegal animus in this case[3].

**STATE LAW CLAIMS**

Plaintiff continues to insist that this court has "supplemental jurisdiction" over his "state law tort claims" and to cite state laws and regulations.  As he was previously informed, unless he demonstrated that his federal civil rights claims should not be dismissed, this court has no supplemental jurisdiction over his state law claims.  Plaintiff may not litigate a federal civil

---

[3]
    Plaintiff's exhibits of administrative proceedings show that defendant Dr. Song acknowledged inadvertently mentioning plaintiff's HIV condition in the presence of Officer Wilson, and prison officials discussed the matter with her and Wilson, then assured plaintiff it would not reoccur.  Plaintiff was not entitled to have Dr. Song fired as requested.

rights action based solely on state statutes and case law.

## REQUESTED RELIEF

Plaintiff correctly points out that persons who are subjected to an ongoing threat of unconstitutional conduct may sue for injunctive or declaratory relief, without satisfying the prior physical injury requirement of 42 U.S.C. § 1997e(e). However, Mr. Mason's claims for such relief lack any allegations from which one might infer a "real and immediate" threat that the alleged wrongs will recur or that prospective relief is warranted. Moreover, plaintiff has been moved to a different prison.

Plaintiff is also correct that persons may seek nominal and punitive damages without showing a prior injury. He has not, however, shown the violation of certain "absolute" constitutional rights, which will support a claim for nominal damages without any showing of actual injury. Carey v. Piphus, 435 U.S. 247, 266-67 (1978). He has also not alleged sufficient facts to support his claim for punitive damages against the named defendants.

The court finds that for the reasons stated herein and in its Memorandum and Order dated July 28, 2007, this action must be dismissed for failure to allege facts in support of a claim of federal constitutional violation.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and plaintiff is ordered to continue to make payments to satisfy the filing fee as

explained herein.

        **IT IS FURTHER ORDERED** that this action is dismissed, and all relief is denied, for failure to allege facts in support of a federal constitutional violation.

        Copies of this Order shall be transmitted to plaintiff and to the Finance Officer at the prison where plaintiff is currently confined.

        **IT IS SO ORDERED**.

        Dated this 6th day of December, 2007, at Topeka, Kansas.




                                        s/Sam A. Crow
                                        U. S. Senior District Judge